### Illinois Steel Co. v. Frank T. Kinnare, Adm'r, etc.

1. RECOVERIES—*For Injuries Received While Disobeying Orders.*— The representatives of an employe, who, contrary to the orders of his employer, attempted to fix an electric lamp, and in consequence was killed, are not entitled to recover damages under the statute.

**Trespass on the Case.**—Death from alleged negligence. Appeal from the Superior Court of Cook County; the Hon. SAMUEL L. DWIGHT, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1900. Reversed, with a finding of facts. Opinion filed February 21, 1902.

**Statement.**—This is an action on the case, brought to recover damages for the death of John Phillips, which occurred May 7, 1896.

John Phillips was a man forty-five years old, and an experienced blacksmith. He had worked at his trade as a blacksmith practically all his life, and for the last twelve years had followed that business in this country. For ten years he had worked steadily for the defendant in the shop where he was killed. Phillips was, by Mr. Lindley, the general foreman of the blacksmith shop, appointed night foreman of the blacksmith shop. Phillips had held this position for about a year before his death, and while on duty had full charge of all the work carried on in the shop. This was a large shop, in which there were thirteen fires, with two men employed at each fire.

The shop was lighted by two Thompson-Houston arc-

electric lamps, a standard make. On the night of the accident, one of these lights went out, and Phillips, against express orders, attempted to fix it. While working at the lamp he received an electric shock which killed him.

The plaintiff contends that Phillips was "required" to fix this lamp when it went out; that had the circuit been completely insulated from the ground, it would have been safe for him to have taken hold of the lamp, while standing on the ground; that in order that a man standing on the ground, and holding onto an electric lamp, should get a shock, it is necessary that there be a leak of the electric current between the circuit and the ground at some other place; that the defendant owed to the plaintiff the duty to keep one circuit, on which the lamp was located, completely insulated; that it failed so to do, and therefore is responsible for the death of Phillips.

The defendant contends that Phillips was violating his duty in meddling with the lamp; that he had been expressly warned of the danger, and expressly ordered by the man immediately over him, and who hired him, not to touch the lamp; that the defendant employed a man for the express purpose of caring for these lamps and making all necessary repairs; that leaks on electric light lines develop frequently and unexpectedly, and are difficult to prevent and difficult to discover; that there was no defect on this line at the time of the accident, or if there was, that it did not occur by the negligence of the defendant.

The case was submitted to a jury, and a verdict rendered for five thousand dollars. Judgment was entered upon the verdict.

KEMPER K. KNAPP, attorney for appellant.

JAMES C. McSHANE, attorney for appellee.

MR. JUSTICE WATERMAN delivered the opinion of the court.

That the deceased had been plainly and repeatedly told by his foreman, "Under no conditions to have anything to do with the electric lamps in the shop," and if there were

anything wrong with the lamp, to go to Mitchell, the night master mechanic, is undisputed; that in violation of these positive instructions he undertook to fix a lamp, and while so doing, and in consequence thereof, received the shock which took away his life, is not denied.

The contention of appellant is, that Phillips had presented to him a sudden emergency to which the orders given to him did not apply; that he was held responsible for the progress of work in his shop; that when one of the two arc electric lamps therein went out, work at a number of forges had to be suspended; that he might not have been able to readily find the night master mechanic, or to obtain the electrical engineer employed to look after all the electric lights; and that, in the proper discharge of his duty, he undertook to fix this lamp so that the work in his shop might go on. The "emergency" was one which had been contemplated, and as to which he did exactly opposite of the instruction given by his foreman.

Doubtless the deceased was actuated by the best of motives, but he proceeded, in direct violation of his orders, to do that with which he was unfamiliar and in no way set to do.

The leakage was not the proximate cause of his death. There is no evidence tending to show he would have been injured had he not endeavored to fix the lamp. The proximate cause of his lamentable death was his violation of the order of his employer.

Had he not done this, and been injured by an electric shock while in the discharge of his duty, he perhaps might, under the city ordinance introduced in evidence, have recovered for such damage as he might have thus sustained.

It is not only a matter of common knowledge that arc lamps are dangerous, but the deceased had been by his foreman distinctly so informed. He was therefore not exercising ordinary care when undertaking to fix this lamp which he had been told to let alone.

The judgment of the Superior Court is reversed without a remanding of the cause, and with a finding of facts.

Reversed.